UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ALLIANZ STRUCTURED ALPHA FUNDS LITIGATION     MDL No. 2995

ORDER DENYING TRANSFER

**Before the Panel:** Plaintiff in one Southern District of California action moves under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York. This litigation currently consists of sixteen actions – fifteen actions pending in the Southern District of New York and one action pending in the Southern District of California, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of three additional related actions in the Southern District of New York.

Common defendant Allianz Global Investors U.S. LLC ("Allianz GI") opposes centralization, in favor of transfer of the California action to the Southern District of New York under Section 1404. Alternatively, defendant requests a stay of the Panel's ruling until its pending motion for Section 1404 transfer in the California action is decided. Plaintiffs in the other actions on the motion did not file a response or take no position on centralization.

On the basis of the papers filed and the hearing session held,[1] we conclude that centralization is not necessary at this time for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. All actions undisputedly present common factual questions arising from allegations that Allianz GI mismanaged a family of investment funds known as the Structured Alpha Funds by abandoning risk control measures promised to investors and engaging in transactions to further its self-interest, causing substantial losses to the funds in early 2020. But there are only two districts involved in this litigation, and all actions but one already are proceeding as related cases before the same judge in the Southern District of New York. Additionally, defendant has a pending motion for transfer under Section 1404 that, if granted, would transfer the California action to the Southern District of New York for all purposes, including trial.

We repeatedly have held, "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *See, e.g., In re 3M Co. Lava*

---

[1] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2995 (J.P.M.L. May 10, 2021).

*Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (quoting *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012)). Even where a Section 1404 transfer motion is contested, such a prospect nonetheless exists, particularly where few districts are involved. *See In re Athena Universal Life II Cost of Ins. Increase Litig.*, 268 F. Supp. 3d 1354, 1356 (J.P.M.L. 2017). Because Section 1404(a) transfer is for all purposes, including trial, such transfer, where appropriate, can achieve efficiencies beyond those available under Section 1407. *See Gerber*, 899 F. Supp. 2d at 1380. The record before us indicates that transfer under Section 1404(a), if granted, could achieve efficiencies that extend into the trial stage of this complex litigation.

Additionally, we have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *See In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Among these options are voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings. The record indicates that the parties have not yet seriously pursued informal coordination and that it remains a viable alternative.

Movant argues that additional related actions likely will be filed in other districts. However, the mere possibility of additional actions does not support centralization. *See, e.g., In re California Wine Inorganic Arsenic Levels Prods. Liab. Litig.*, 109 F. Supp. 3d 1362, 1363 (J.P.M.L. 2015). On this record, the involvement of other districts is mere conjecture. Only three potential tag-along actions have been filed since the motion for centralization, and all were filed in the Southern District of New York.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

IN RE: ALLIANZ STRUCTURED ALPHA FUNDS LITIGATION    MDL No. 2995

## SCHEDULE A

<u>Southern District of California</u>

BOARD OF TRUSTEES OF THE SAN DIEGO COUNTY CONSTRUCTION LABORERS' PENSION TRUST FUND v. ALLIANZ GLOBAL INVESTORS U.S. LLC, C.A. No. 3:21−00345

<u>Southern District of New York</u>

ARKANSAS TEACHER RETIREMENT SYSTEM v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−05615
RETIREMENT PROGRAM FOR EMPLOYEES OF THE TOWN OF FAIRFIELD, ET AL. v. ALLIANZ GLOBAL INVESTORS U.S. LLC, C.A. No. 1:20−05817
LEHIGH UNIVERSITY v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−07061
TEAMSTER MEMBERS RETIREMENT PLAN v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−07154
BLUE CROSS BLUE SHIELD ASSOCIATION NATIONAL EMPLOYEE BENEFITS COMMITTEE v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−07606
METROPOLITAN TRANSPORTATION AUTHORITY DEFINED BENEFIT PENSION PLAN MASTER TRUST, ET AL. v. ALLIANZ GLOBAL INVESTORS U.S.LLC, ET AL., C.A. No. 1:20−07842
CHICAGO AREA I.B. OF T. PENSION PLAN & TRUST, ET AL. v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−07952
THE EMPLOYES RETIREMENT SYSTEM OF THE CITY OF MILWAUKEE v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−08642
CHICAGO & VICINITY LABORERS DISTRICT COUNCIL PENSION FUND AND CHICAGO & VICINITY LABORERS DISTRICT COUNCIL HEALTH & WELFARE FUND, ET AL. v. ALLIANZ SE, ET AL., C.A. No. 1:20−09478
THE BOARDS OF TRUSTEES FOR THE CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON AND FOR THE GROUP INVESTMENT TRUST OF THE CARPENTERS INDIVIDUAL ACCOUNT PENSION TRUST OF WESTERN WASHINGTON, ET AL. v. ALLIANZ SE, ET AL., C.A. No. 1:20−09479
UNITED FOOD & COMMERCIAL WORKERS UNION−EMPLOYER PENSION FUND, AND ITS TRUSTEES v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−09587

-A2-

BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF
    ELECTRICAL WORKERS, LOCAL NO. 38 PENSION FUND PENSION PLAN
    v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−10028
BLUE CROSS AND BLUE SHIELD ASSOCIATION v. ALLIANZ GLOBAL
    INVESTORS U.S. LLC, C.A. No. 1:20−10848
MARCO CONSULTING GROUP TRUST I v. ALLIANZ GLOBAL INVESTORS U.S.
    LLC, ET AL., C.A. No. 1:21−00401
UNIVERSITY HEALTH, INC., ET AL. v. ALLIANZ GLOBAL INVESTORS U.S. LLC,
    ET AL., C.A. No. 1:21−01485